MICHAEL HARRISON *vs.* WOODLAND INSURANCE AGENCY.

No. 97-P-1159.

Plymouth. January 20, 1999. - April 14, 1999.

Present: GREENBERG, GILLERMAN, & RAPOZA, JJ.

*Contract,* Insurance. *Motor Vehicle,* Insurance. *Insurance,* Motor vehicle insurance, Coverage, Appraisal. *Value.*

Where an insured had elected under his policy of motor vehicle insurance and G. L. c. 175, § 191A, to submit to appraisers his claim against the defendant insurer arising from the theft of his vehicle, the appraisal process had to be completed, abandoned, or otherwise terminated by both parties before the insured could maintain a civil action against the insurer based on that claim. [634-635]

CIVIL ACTION commenced in the Superior Court Department on February 24, 1992.

The case was heard by *Richard F. Connon,* J.

*Martin E. Mason* for the plaintiff.

*Steven J. Bolotin* for the defendant.

GILLERMAN, J. The plaintiff has appealed from a final judgment entered in the Superior Court dismissing his claim against the defendant insurance agency for negligence and misrepresentation.

We outline the material facts. After the plaintiff purchased a 1977 Jeep on July 15, 1989, for $5,400, and thereafter refurbished it at a cost of approximately $24,000, he insured the vehicle with Commerce Insurance Company (Commerce) through the defendant agency. The Jeep was stolen on February 10, 1990, and the plaintiff submitted a claim to Commerce. The claim documents included a "special interest vehicle stated value report" prepared by appraiser Lou Trepanier, dated November 25, 1989. The report put "current market value" of the Jeep at $29,958.55, and "stated value for loan and insurance coverage" at the same amount.

After a settlement offer by Commerce in the range of $6,000 was rejected, the plaintiff, on April 27, 1990, requested that the claim be referred to appraisers selected by him and Commerce, an election permitted by the plaintiff's policy and by G. L. c. 175, § 191A.[1] The plaintiff named Trepanier as his appraiser; Commerce named its appraiser, but objected to Trepanier on the ground that he was not "disinterested," as required by § 191A. The position taken by Commerce was supported by the written opinion of Victor A. Fanikos, legal counsel to the Division of Insurance. On September 5, 1990, Commerce asked the plaintiff to name a new appraiser. In response, counsel to the plaintiff, by letter dated September 27, 1990, charged Commerce with violations of G. L. c. 93A. The plaintiff then commenced an action against Commerce which terminated upon the allowance of a motion to dismiss on November 21, 1991. While the grounds of dismissal are not stated, the memorandum of law filed by Commerce argued only that action against Commerce was foreclosed by the plaintiff's election to proceed against Commerce under the provisions of § 191A.

There have been no further appraisal proceedings regarding the plaintiff's stolen Jeep. On February 24, 1992, the plaintiff commenced this action against the defendant.

The complaint alleges that the actual cash value of the Jeep was substantially lower than the stated value of $29,958.55; that, when the plaintiff purchased the policy, the defendant represented to him that "the [Commerce] policy purchased by him would cover the costs of the Jeep far in excess of the actual cash value"; but that when he submitted his claim for the stolen Jeep, Commerce informed him the policy he had actually purchased through the defendant contained a limit of liability which was the *lower* of actual cash value or stated value.

Before the trial of the case, and over the plaintiff's objection, the trial judge allowed the defendant to file a motion for declara-

[1]Section 191A requires automobile policies to include a provision making an appraisal process available at the election of the insurer or the insured in the event of any motor vehicle loss or damage insured against under the policy. The parties erroneously refer to the appraisal proceedings described in § 191A as arbitration. For a discussion of appraisal, as compared with arbitration, see *Cambridge St. Metal Co.* v. *Corrao*, 30 Mass. App. Ct. 150, 154-155 (1991). The election under § 191A must be made within sixty days of the insurer's receipt of the proof of loss. The plaintiff's election in this case was timely, and the availability of § 191A to the plaintiff is undisputed.

tory judgment to declare the parties' rights pursuant to G. L. c. 175, § 191A. The defendant did so, and the judge dismissed the action against the defendant and ordered the matter to "proceed in accordance with G. L. c. 175, § 191A." The judge reasoned that fulfilling "the requirements of G. L. c. 175, § 191A [is] a condition precedent" to the prosecution of the plaintiff's claim, and since the proceedings under § 191A, if completed, may compensate the plaintiff for all his damages, this action could become moot.

*Discussion.* Section 191A offers an elective procedure; it does not prescribe an obligatory appraisal process, see note 1, *supra*, and the judge was in error in ruling that compliance with that section is a condition precedent to this action. Nevertheless, the issue presented by this case persists: whether the plaintiff, having elected to proceed under § 191A, is now required to complete the appraisal proceedings against Commerce in order to proceed against the defendant in this case.

Section 191A has not, to our knowledge, been the subject of any published opinion of the appellate courts of the Commonwealth. The statute forbids the issuance of any automobile policy without the incorporation of the substance of § 191A, thereby offering insurers and policy holders an expeditious and inexpensive means of resolving motor vehicle damage claims.

At present, the parties are bound by the plaintiff's election to proceed under § 191A, and so long as the appraisal process has not run its course, or has not been abandoned or otherwise terminated by both the plaintiff and Commerce,[2] the plaintiff, in fairness to the defendant, must be held to his election to establish one element of his claim against the defendant — the actual cash value of the Jeep at the time of the theft[3] — by resort to the statutory appraisal process against Commerce. In the words of the defendant in its brief, "[T]he amount Harrison

[2]Having elected to commence the appraisal proceedings, the plaintiff may not abandon or otherwise terminate those proceedings without the consent of Commerce, which might otherwise have filed a timely election to commence the appraisal proceedings. In the earlier suit filed by the plaintiff against Commerce (as stated in the text, *supra*), Commerce filed a memorandum of law in support of its motion to dismiss in which it stated that at no time had Commerce failed to cooperate in the appraisal process provided in § 191A. There is no reason to suppose that the cooperation of Commerce would be lacking now.

[3]As noted in the text, the plaintiff's claim is that the "stated value" of the Jeep, as reported by Trepanier, exceeded its actual cash value.

will receive under the policy [i.e., actual cash value] can [in the present circumstances] only be established by the decision of a three person . . . panel [pursuant to § 191A]."[4] That is so, the defendant argues, because the plaintiff's measure of damages is the difference between the amount of coverage provided by the Commerce policy (which the plaintiff elected to have determined by appraisers), and the coverage he claims he should have received.

The final judgment dismissing the action, however, is premature, and we vacate that judgment. The case is remanded to the Superior Court for further proceedings consistent with this opinion, including the speedy completion of the appraisal process.[5]

*So ordered.*

---

[4]The plaintiff's brief acknowledges that, "if the appraisal process . . . has been completed by the time of the trial," and in order to avoid duplicative damages in favor of the plaintiff, any recovery by the plaintiff in this case would have to be reduced by any recovery in the appraisal proceedings.

[5]Mr. Trepanier is plainly not a "disinterested" person, and the plaintiff should promptly designate a new appraiser.